IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KERENA MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:18-cv-1060-JTA |
| | ) (WO) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), the claimant, Kerena Montgomery, brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The Commissioner denied Montgomery's claim for a period of disability and for Disability Insurance Benefits ("DIB") (*Id*.) The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 11, 12.)

Based upon review of the record and the briefs submitted by the parties, the Court concludes that the decision of the Commissioner is due to be REVERSED and this matter be REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Under Federal Rule of Civil Procedure 25(d), the Court substitutes Kilolo Kijakazi, the acting Commissioner of the Social Security Administration, for Andrew Saul, the former Commissioner.

[2] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

## I.  PROCEDURAL HISTORY AND FACTS

Kerena Montgomery ("Montgomery") was born on December 25, 1975 and was 40 years old at the time of her alleged disability onset date. (R. 18.)[3] She completed high school and previously worked as a wire systems installer and an instructor for the United States Army. (*Id*.) Montgomery alleges a disability onset date of February 29, 2016 (R. 122), due to lumbar degenerative disc disease, moderate scoliosis, knee patella pain syndrome, bilateral pes planus/ankle and heel pain, bilateral hip strains, chronic fatigue syndrome, migraines, obstructive sleep apnea, and posttraumatic stress disorder/major depressive disorder/military sexual trauma (R. 35).

Montgomery applied for a period of disability and DIB on July 8, 2016 under Title II and part A of Title XVIII of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. (R. 122.) The application was denied on February 3, 2017 (R. 11) and Montgomery requested an administrative hearing (R. 70).

Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Montgomery's request for benefits in a decision dated August 1, 2018. (R. 8-20.) The Appeals Council subsequently denied her request for review and the decision by the Commissioner became final. (R. 1-4.) On December 20, 2018, Montgomery filed the instant action appealing the decision of the Commissioner. (Doc. No. 1.)

---

[3] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (Doc. No. 14.)

2

## II.   STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence."  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)).  Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence.  *Id*. at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner.  *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210.  However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*.  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  The district court may remand a case to the

Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.     STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB must prove that she is disabled. *See* 20 C.F.R. § 404.1505; 20 C.F.R. § 416.920. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an

impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

## IV.   ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ in this case found that Montgomery has not engaged in substantial gainful activity since the alleged onset date of disability, February 29, 2016, and she suffers from the following severe impairments that significantly limit her ability to perform basic work activities: disorders

of the lumbar spine, pes planus, mild left elbow ulnar neuropathy, headaches, and obstructive sleep apnea. (R. 13.) The ALJ found that Montgomery also suffers from "non-severe" impairments of gastroesophageal reflux disease and mental impairments of affective mood disorder and anxiety disorder. (R. 14.) The ALJ concluded however that Montgomery's impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 15.) After consideration of the entire record, the ALJ determined that Montgomery retains the RFC to perform the full range of light work[4] as defined in 20 C.F.R. § 404.1567(b). (*Id*.)

The ALJ also determined that Montgomery was precluded from performing any of her past relevant work (R. 18), but stated that when considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform (R. 19). The ALJ concluded that a finding of "not disabled" is required by Medical-Vocational Rule 202.21. (*Id*.) The ALJ further concluded that Montgomery had not been under a disability from February 29, 2016 through August 1, 2018, the date of the ALJ's decision. (*Id*.)

## V.   DISCUSSION

Montgomery presents two arguments on appeal. First, she argues that the ALJ erred as a matter of law when the ALJ did not assign the requisite "great weight" to the disability

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in the category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities . . . ." 20 C.F.R. § 404.1657(b).

determination of the United States Department of Veterans Affairs. (Doc. No. 10 at 3-6.) Second, she argues that the ALJ failed to acknowledge or discuss material evidence that conflicts with the administrative findings. (*Id*. at 3.)

The Court evaluates each of Montgomery's arguments below.

A. Disability Determination Made by the Department of Veterans Affairs

Montgomery claims the ALJ did not give the necessary weight to the determination of the United States Department of Veterans Affairs ("VA"), who found she was 100% disabled. (Doc. No. 10 at 3.) Montgomery asserts that this is an error as a matter of law and remand is warranted. (*Id*.) The Commissioner responds that the ALJ considered and evaluated the VA ratings, even if the ALJ did not recite every source of consideration from the VA. (Doc. No. 13 at 3.) Furthermore, the Commissioner states that the decision regarding Social Security determinations is reserved strictly for her, not administrative agencies. (*Id*.)

It is well-established in the Eleventh Circuit that "the V.A.'s disability rating . . . is evidence that should be given great weight." *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (citations omitted). " 'Great weight' does not mean controlling, but 'the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination,' especially when the VA gives a 100% disability rating." *Beshia v. Comm'r of Soc. Sec.*, 328 F. Supp. 3d 1341, 1346-47 (M.D. Fla. 2018) (citing *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016)). "[T]he VA's disability determination relies on different criteria than the SSA's determination[,] [b]ut that does not mean that the ALJ can

7

summarily ignore the VA's determination nor give it 'little weight.' " *Brown-Gaudet-Evans,* 673 F. App'x at 904. "[N]ot addressing the merits of a 100% VA disability rating – particularly where based on the same underlying medical conditions at issue in the SSA proceedings"— constitutes legal error. *Beshia.*, 328 F. Supp. 3d at 1347 (citing cases).

Here, Montgomery received a VA combined disability rating of 100% due to her conditions. (R. 924.) The VA assigned a 10% disability rating for Montgomery's mild radiculopathy for each leg, a 10% disability rating for her gastroesophageal reflux disease, a 10% disability rating for her lumbosacral strain and lumbar spasms, a 10% disability rating for her left knee patellofemoral pain syndrome, a 30% disability rating for her migraine headaches, a 10% disability rating for her cervical spine degenerative disc disease, a 30% disability rating for her obstructive sleep apnea, a 50% disability rating for her posttraumatic stress disorder/military sexual trauma, a 10% disability rating for her right ankle strain, a 10% disability rating for her left hip strain, a 50% disability rating for her bilateral pes planus, a 10% disability rating for her left ankle strain, a 20% disability rating for her chronic fatigue syndrome, a 10% disability rating for her right knee patellofemoral pain syndrome, a 10% disability rating for her right hip pain, and a 10% disability rating for her larynx.[5] (R. 911-924.) In the hearing decision, the ALJ briefly referred to the VA's disability determination but only as it related to the 10% assignment for the lumbar spine impairment, 30% assignment for sleep apnea, and 30% assignment

---

[5] Included in the VA determination, but not given percentage assignments, were Montgomery's rhinitis, residual scarring post-surgery, acne, peripheral retinal degeneration, chronic maxillary sinusitis, and hammer toes. (R. 915-918, 920.)

8

for migraine headaches. (R. 16-17.) The ALJ included no further discussion or analysis of the VA's disability ratings.

The Court finds that the ALJ's silence as to Montgomery's 100% VA disability rating constitutes legal error and prevents a finding that substantial evidence supports the ALJ decision. Nowhere in the ALJ's opinion does the ALJ discuss Montgomery's 100% disability rating from the VA. Despite the established law in this Circuit, the ALJ did not seriously consider nor closely scrutinize that rating. The ALJ's written decision does not indicate—either expressly or implicitly—that she considered the 100% VA disability rating at all in analyzing Montgomery's claim for benefits. Indeed, the ALJ only mentioned three partial disability ratings, those ratings of the lumbar spine impairments, headaches, and sleep apnea. (R. 17.) The ALJ failed to state the weight given, if any, to the 100% VA disability rating and thus did not give it "great weight" nor explain in detail why it was not entitled to great weight. Such omission by the ALJ constitutes legal error and necessitates remand. *See Beshia,* 328 F. Supp. 3d at 1347; *see also Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Unit A Mar. 1981) (holding the ALJ should have "more closely scrutinized" the VA's disability rating of 100% for the claimant where the ALJ mentioned the rating but "obviously refused to give it much weight").[6] Accordingly, this case is due to be remanded under 42 U.S.C. § 405(g) for the ALJ's consideration of the 100% VA disability rating.

---

[6] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

B. Material Evidence That Conflicts with Administrative Findings

Montgomery asserts the ALJ failed to acknowledge or discuss material evidence that conflicts with the administrative findings. (Doc. No. 10 at 3.) Montgomery's argument rests on the assertion that the ALJ did not consider the determination of Junius Reeves ("Reeves"), a rehabilitation counselor with VA Vocational Rehabilitation and Employment. (Doc. No. 10 at 6.) Reeves opined that Montgomery possesses "significant disabilities consistent with permanent unemployability" and that it is unreasonable for Montgomery to obtain and maintain competitive employment at this time. (R. 194.)[7] The evidence that is cited by Reeves to reach her conclusion is information that Montgomery provided to her, Montgomery's VA medical records, and the VA's rating decision. (*Id*.) The Commissioner responds that the ALJ's decision is supported by substantial evidence. (Doc. No. 13 at 3.)

Pursuant to the regulations, in addition to evidence from acceptable medical sources, the ALJ "may also use evidence from other sources to show the severity" of the claimant's impairment and how it affects her ability to work. 20 C.F.R. § 404.1513(d). As a rehabilitation counselor for the Department of Veteran's Affairs, Reeves is an "other source." *Id*. Social Security Ruling 06–03p provides that

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or

---

[7] Montgomery's brief in support of her appeal raises this issue within her second argument as well as other additional arguments relating to the ALJ's failure to address the VA disability ratings. (Doc. No. 10 at 6-11.) Because this Court finds the ALJ's failure to address the VA 100% disability rating results in a failure to meet the substantial evidence standard and a failure to apply the proper legal standard, the Court pretermits discussion of these additional arguments raised by Montgomery relating to the VA disability ratings.

10

>decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03p. Although SSA rulings are not binding on the court, the Eleventh Circuit has held that the rulings are entitled to deference. *See De Olazabal v. Soc. Sec. Admin., Comm'r*, 579 F. App'x 827, 832 (11th Cir. 2014) (citing *Fair v. Shalala*, 37 F.3d 1466, 1468–69 (11th Cir. 1994)).

The record establishes that Reeves did not conduct any tests or examinations related to Montgomery's alleged disabilities. Reeves merely took basic information from Montgomery during one office visit and reviewed her VA medical files and the VA disability rating. It is clear from the ALJ's opinion that the ALJ reviewed and considered Montgomery's VA medical files. The Court thus finds that Reeves' opinion is cumulative to other evidence in the record—the VA medical files—which the ALJ considered and weighed, thus the ALJ's failure to discuss or weigh Reeves' opinion is harmless error. *See De Olazabal*, 579 F. App'x at 832 (finding ALJ's failure to reference report from "other source" in assessing RFC was harmless where it was "merely cumulative" of claimant's testimony and medical evidence). Accordingly, the Court finds that the ALJ's failure to explicitly address Reeves' opinion does not warrant reversal of the ALJ's decision.

## VI.  CONCLUSION

For the foregoing reasons, the Court finds that the decision of the Commissioner is neither decided according to proper legal standards nor supported by substantial evidence. Therefore, it is hereby

ORDERED that the decision of the Commissioner is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is REMANDED for further proceedings consistent with this opinion.

A separate judgment will be issued.

DONE this 30th day of August 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE