IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KERENA M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:18-cv-1060-JTA |
| | ) |
| CAROLYN COLVIN, Acting | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Before the court is the Motion for Approval of Attorney's Fees under 42 U.S.C. § 406(b) filed by counsel for Plaintiff Kerena M. (Doc. No. 23.) The Commissioner does not oppose the motion. (Doc. No. 27.) Upon review of the motion and having undertaken an independent review of the character of the representation and the results achieved by Plaintiff's counsel in this case, the motion is due to be GRANTED.

#### I.   BACKGROUND

Plaintiff retained Brian R. Carmichael to represent her in a claim for Social Security Benefits. (Doc. No. 24-1 at 1.) As is typical in this type of case, the agreement for representation called for Plaintiff to pay Carmichael a fee equal to 25% of the past-due benefits if Plaintiff prevailed. (*Id.*) On August 30, 2021, this Court reversed the agency's

---

[1] Carolyn Colvin became the Acting Commissioner of Social Security on November 30, 2024, and under Federal Rule of Civil Procedure 25(d) is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

determination pursuant to 42 U.S.C. § 405(g) and remanded the case to the Commissioner for further proceedings. (Doc. No. 18.) Following remand, the Commissioner issued a favorable decision in Plaintiff's case and awarded past-due benefits. (Doc. No. 24 at 2.) The Social Security administration withheld $30,859.50, which represents 25% of Plaintiff's past-due benefits, to pay a representative fee. (*Id*. at 2–3; Doc. No. 24-3 at 1.)

## II.   DISCUSSION

Section 406(b)(1)(A) provides in relevant part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services "rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court." *See id*.; 42 U.S.C. § 406(b)(2).

To receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. The Eleventh Circuit has held that "§ 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further

2

proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Because Plaintiff was awarded past-due benefits following remand, the court may award attorney's fees under § 406(b). *Culbertson v. Berryhill*, 586 U.S. 53 (2019). Where EAJA fees have been awarded and counsel subsequently seeks fees under § 406(b), the amount of the EAJA award must be repaid to the claimant or offset from the fees received under § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Jackson v. Comm. of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010) (approving offset of EAJA award from § 406(b) award).

The Court must determine whether a fee requested under 42 U.S.C. § 406(b) is reasonable. *Gisbrecht*, 535 U.S. at 809. The Eleventh Circuit cited *Gisbrecht* to explain that contingent-fee agreements are presumptively reasonable, but that "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) (quoting *Gisbrecht*, 535 U.S. at 807). Courts should evaluate an attorney's requested fee based on the "character of the representation and the results the representative achieved," and may reduce a windfall fee award if "the benefits are large in comparison to the amount of time counsel spent on the case." *Gossett*, 812 F. App'x at 850 (quoting *Gisbrecht*, 535 U.S. at 808). An attorney for a successful claimant has the burden to demonstrate the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.

Here, Carmichael is seeking $27,601.38 in attorney's fees ($3,258.12 deducted for EAJA fees already awarded) on this matter. The Commissioner does not object to the

amount requested.[2] The court's judgment about reasonableness is informed by *Gisbrecht*'s conclusion that Congress did not mean to "outlaw" lawful contingent fee agreements. Carmichael specializes in Social Security litigation and has appeared as counsel of record in over 200 Social Security cases in the Middle District of Alabama. (Doc. No. 24 at 2.) He helped secure a fully favorable decision for Plaintiff, including an award of $123,438.00 in past-due benefits. (Doc. No. 25 at 6.) Consequently, the court concludes that payment in the amount of $27,601.38 is reasonable under the circumstances of this case.

### III.   CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Motion for Approval of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. No. 23) is GRANTED.

2. The Commissioner shall pay to Attorney Brian Roy Carmichael $27,601.38 of the amount previously withheld from Plaintiff's past-due benefits.

3. Attorney Carmichael has deducted the EAJA fees previously awarded in this matter in the amount of $3,258.12.

DONE this 13th day of December, 2024.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that the Commissioner has no direct financial interest in the outcome of this motion, as his role is akin to that of a trustee for Plaintiff. (*See* Doc. No. 27 at 1) (citing *Gisbrecht*, 535 U.S. at 798, n. 6).